UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL POWELL,<br><br>             Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | Civil Action No. 19-17226 (JHR)<br><br>**OPINION** |

**RODRIGUEZ, Senior District Judge**

**I.     INTRODUCTION**

Presently before the Court is Petitioner Shakir Michael Powell's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1, "Motion".) The Government filed a response (ECF No. 2), and Petitioner replied (ECF No. 4). For the reasons set forth below, the Court will deny Petitioner's § 2255 Motion and will not issue a certificate of appealability.

**II.    BACKGROUND**

On February 17, 2009, a federal grand jury sitting in Camden, New Jersey returned a Superseding Indictment against Petitioner, charging him with: (1) two counts of armed bank robbery, 18 U.S.C. § 2113(a) and (d); and (2) two counts of brandishing a firearm in connection with a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (Crim. Action No. 08-592 (JHR), ECF No. 15.) On May 1, 2009, following a jury trial, Petitioner was convicted on all four counts. (*See id.*, ECF No. 35.)

On November 10, 2009, the Court sentenced Petitioner to an aggregate sentence of 462 months' imprisonment, 5 years of supervised release, $400 as a special assessment, and restitution to the victim bank in the amount of $112,000. (*See id.*, ECF No. 40.) On April 13, 2011, the Court of Appeals for the Third Circuit affirmed Petitioner's convictions on appeal. (*See id.*, ECF No. 59.) On January 18, 2013, Petitioner filed his first §2255 motion, which the undersigned denied on June 1, 2015. (*See* Civ. No. 13-355, ECF Nos. 13, 14.)

On June 22, 2016, Petitioner filed an application in the Third Circuit Court of Appeals seeking permission under 28 U.S.C. § 2244 to file a second or successive § 2255 petition based on the then-recent Supreme Court decision in *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Supreme Court struck down as unconstitutionally vague the residual clause "crime of violence" definition found in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). (*See* Court of Appeals No. 16-2882.) On July 8, 2016, the Third Circuit ordered Petitioner's § 2244 application stayed. (*See id.*, ECF No. 6.) In August 2019, the Third Circuit granted Petitioner leave to file a second or successive §2255 motion. (*See id.*, ECF No. 7.) Petitioner's instant § 2255 motion was docketed on August 27, 2019, in which he argues his conviction for violating § 924(c) must be vacated because the predicate conviction for bank robbery no longer constitutes a crime of violence. (ECF No. 1-1.)

### III. LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

## IV.   DISCUSSION

In his motion to vacate sentence, Petitioner argues that his § 924(c) conviction must be overturned because it was dependent upon his conviction for bank robbery, which no longer qualifies as a crime of violence. Plaintiff argues bank robbery no longer qualifies as crime of violence under the rule announced by the Supreme Court in *Johnson*. Following *Johnson*, the Supreme Court issued its decision in *United States v. Davis*, ––– U.S. –––, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019), which invalidated a similarly-worded residual clause found in 18 U.S.C. § 924(c)(3)(B). Thus, the Court construes Petitioner's motion as arguing his § 924(c) convictions are no longer valid because his convictions for armed bank robbery in violation of §§ 2113(a) and (d) cannot serve as § 924(c) predicates as they do not constitute crimes of violence after *Davis*.

Section 924(c) provides in relevant part that:

> any person who, during and in relation to a *crime of violence* or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

3

>> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. §924(c)(1)(A) (emphasis added). The term "crime of violence" in § 924(c)(1)(A) is explicitly defined in 18 U.S.C. § 924(c)(3) to mean a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) is known as the statute's "elements clause," while § 924(c)(3)(B) is known as the "residual clause." The residual clause's constitutionality was addressed in *Davis*, where the Supreme Court concluded that the residual clause was unconstitutionally vague. 139 S. Ct. at 2325-2333. Thus, for a crime to fall within the definition of a "crime of violence" under section 924(c), it must satisfy the elements clause. *Id.* Under the elements clause, a crime constitutes a valid "crime of violence" where the "offense is a felony" and it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 2324.

Petitioner's argument that his conviction for violating § 924(c) should be vacated because armed bank robbery no longer qualifies as a crime of violence is legally inaccurate. In U*nited States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018), the Third Circuit found armed bank robbery under § 2113(d) does qualify as a crime of violence. First, the Third Circuit observed that § 2113(d) provides penalties for a person who "in committing . . . any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a

4

dangerous weapon or device." *Id.* at 203–04. Then, the Court reasoned that "assault[ing] someone or putting a life in jeopardy . . . by the use of a dangerous weapon," satisfies the elements clause because it "has as an element the use, attempted use, or threatened use of physical force." *Id.* at 204 (alteration in original) (quoting § 924(c)(3)(A)) (internal quotation marks omitted).

In other words, the Court concluded that one "cannot assault a person, or jeopardize his or her life with a dangerous weapon, unless one uses, attempts to use, or threatens physical force." *Id.* Accordingly, the Third Circuit concluded that armed bank robbery under § 2113(d) is categorically a crime of violence under the elements clause of § 924(c). *Id.* As a result, Petitioner's two convictions for armed bank robbery remain valid predicates, and his § 924(c) convictions remain valid as well. Petitioner's § 924(c) convictions are valid and the Court will deny his §2255 motion.

## V.     CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

5

## IV. CONCLUSION

For the reasons stated above, Petitioner's second or successive § 2255 motion (ECF No. 1) is **DENIED** and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.

Dated:  August 22, 2022

                                                        /s/ Joseph H. Rodriguez
                                            **JOSEPH H. RODRIGUEZ**
                                            **UNITED STATES DISTRICT JUDGE**